UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDRAE C. JACKSON,<br><br>        Defendant. | Case No. 17-cr-40037-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on the *pro se* motion of defendant Andrae C. Jackson to withdraw his guilty plea and dismiss the indictment (Doc. 37). The motion relies on the Supreme Court case of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which held that that in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the Government must prove both that the defendant knew that he possessed a firearm *and that he knew he belonged to the relevant category of persons barred from possessing a firearm*. Pursuant to Administrative Order 249, the Court appointed the Federal Public Defender to assist Jackson in filing a meritorious motion or to withdraw from the case. FPD Preston Humphrey, Jr. determined that Jackson could not make a non-frivolous motion relying on *Rehaif* and moved to withdraw (Doc. 41). Sadly, Humphrey has since passed away, so the Court **GRANTS** his motion to withdraw as counsel (Doc. 41). New counsel has entered an appearance to replace Humphrey.

Regardless of the merits of any *Rehaif*-based claim, the Court believes that the proper vehicle for Jackson's challenge is a motion under 28 U.S.C. § 2255, not a motion to withdraw his guilty plea in his criminal case. He has not filed a § 2255 motion previously, so his petition would not be barred as an unauthorized second or successive petition. *See* 28 U.S.C. § 2255(h). However, the Court is hesitant to construe his current motion as a § 2255 motion without a clear

indication that he intends to invoke that statute. "[T]he court cannot so recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Castro v. United States*, 540 U.S. 375, 377 (2003).

Accordingly, the Court **WARNS** Jackson that if he does not file a motion to withdraw his pending motion to withdraw his guilty plea and dismiss the indictment on or before October 1, 2021, the Court will construe it as a § 2255 motion and Jackson will then be subject to the second or successive filing restrictions contained in 28 U.S.C. § 2255(h). Jackson's counsel shall remain in this case to counsel him regarding the advisability of allowing his motion to be construed as a § 2255 motion but may seek leave to withdraw after he makes that decision. The Court is not likely to appoint Jackson counsel if a new § 2255 case is opened based on his motion to withdraw guilty plea and dismiss the indictment.

In light of this ruling, the Court **DENIES as moot** Jackson's motion for status (Doc. 39).

**IT IS SO ORDERED.**
**DATED: September 7, 2021**

s/ J. Phil Gilbert\_
**J. PHIL GILBERT**
**DISTRICT JUDGE**